## Daniel Pomeroy *versus* Augustus Smith.

Where goods pledged were attached and taken from the possession of the pledgee, at the suit of a creditor of the pledgor, without a payment or tender of the amount for which they were pledged, as provided by *St.* 1829, *c.* 124, [Revised Stat. *c.* 90, § 78,] the pledgee is entitled to recover of the officer the full value of the goods and not merely the amount due from the pledgor.

Trespass *de bonis asportatis.* The defendant pleaded the general issue and filed a brief statement of facts.

At the trial in the Court of Common Pleas, before *Williams* J., the plaintiff offered evidence tending to prove, that the goods in question were pledged and delivered to him by Samuel Atkinson, as collateral security for the payment of a debt due to him from Atkinson, and also for the indemnification of the plaintiff against certain liabilities incurred by him as surety for Atkinson. After the goods were delivered to the plaintiff, they were attached as the property of Atkinson, by the defendant, who was a constable, and taken from the possession of the plaintiff.

The defendant contended, that if the plaintiff, upon the evidence, was entitled to a verdict, he should recover only such a sum in damages, as would discharge the debt due to him from Atkinson and indemnify him against such liabilities.

But the judge instructed the jury, that if they should find a verdict for the plaintiff, he was entitled to recover damages to the full value of the goods so taken by the defendant

Bliss
*v.*
Lee.

*Sept. 26th.*

Pomeroy
*v.*
Smith.

*Sept. 25th*

The jury returned a verdict for the plaintiff, and assessed damages in conformity with the instructions of the judge.

The defendant thereupon excepted.

E. *Dickinson*, for the defendant, cited *Boyden* v. *Moore*, 11 Pick. 362.

· *Forbes*, for the plaintiff, cited *Butler* v. *Damon*, 15 Mass. R. 223.

*Sept. 26th.* · SHAW C. J. delivered the opinion of the Court. The question is whether the instruction of the judge was right, in directing that the value of the goods, under the circumstances, would be the rule of damages ; and the Court are of opinion that this was correct. The judge ruled that the plaintiff was entitled to recover to the value of the goods. The general rule is founded on the consideration, that for all beyond the debt, for which the goods are pledged, the pledgee is responsible to the pledgor. But the defendant relies upon the attachment, as forming a distinction. But neither by the common law, nor by force of *St.* 1829, *c.* 124, was this property lawfully attached. By the statute two modes of attaching property pledged or mortgaged are prescribed ; one, by the summoning the pledgee as the trustee of the debtor ; and the other, by first tendering the amount for which the goods stand subject. Neither of these modes was pursued in the present case, and the attachment was of no avail. The case of *Boyden* v. *Moore* stands upon its own peculiar grounds, as therein stated ; and the rule there adopted cannot be considered applicable to the present case.

*Exceptions overruled.*